# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON JEROME McDANIEL, | CV F   02 5091 AWI SMS P |
| Plaintiff, | |
| v. | ORDER DIRECTING THE PARTIES TO FILE FURTHER BRIEFING REGARDING EXHAUSTION |
| GEORGE ORTIZ, et. al., | |
| Defendants. | |

## I. PROCEDURAL HISTORY

Plaintiff Clifton Jerome McDaniel ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed on March 20, 2002, against Defendant Bernal for allegedly denying plaintiff use of a shower in retaliation for filing an inmate grievance.

On March 2, 2005, Defendant Bernal filed an unenumerated 12(b) Motion to Dismiss for Plaintiff's failure to exhaust state court remedies. (Doc. 65.) Plaintiff filed an Opposition to the Motion on March 11, 2005. (Doc. 67.) Defendant filed a Reply to the Opposition on March 22,

1

2005. (Doc. 68.) Although Plaintiff filed a Surreply on March 31, 2005 (Doc. 69), the Court issued an Order striking the surreply from the record as unauthorized. (Doc. 70.)

The Court has reviewed the moving and opposing papers and concludes that a surreply is necessary. In the Opposition to the Motion to Dismiss, Plaintiff alleges that Defendant Bernal allegedly destroyed Plaintiff's inmate appeals and thus, he was precluded from exhausting his administrative remedies. However, Plaintiff fails to make clear what level of appeal he is referring to when he alleges that Defendant Bernal destroyed his appeal.[1] Similarly, Defendants argue that Defendant Bernal could did not have access to the locked box maintained by the "third watch" officers because he was on second watch, however Defendant does not state what level of appeal is contained in this box. In addition, as the Motion to Dismiss was filed early in 2005, Defendant did not have the benefit of the Ninth Circuit's decision in Brown v. Valoff, – F.3d – , 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005), which holds that it is the Defendant's burden to prove that further administrative remedies are "available." See also Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir.2005) (recognizing that a prisoner satisfied the exhaustion requirement by showing his grievance had been rejected as untimely because he "could go no further in the prison's administrative system; no remedies remained available to him"). Thus, the Court finds further briefing from the parties to clarify the level of appeal referenced as such facts may be dispositive of the issue raised by the Motion to Dismiss.

Accordingly, the Court HEREBY ORDERS:

1.  Plaintiff SHALL file a Supplemental Opposition to the Motion to Dismiss wherein he makes clear what level of appeal was destroyed by Defendant Bernal. The Supplemental Opposition is due within THIRTY (30) DAYS of the date of service of this Order.

2.  Within THIRTY (30) DAYS of the date Plaintiff files his Supplemental

---

[1] According to Exhibit A of Defendant's Reply to Plaintiff's Opposition, appeals at the informal level are given directly to the appropriate staff member in an effort to informally solve the problem. (Exh. B, Reply to Plaintiff's Opposition [54100.11.1].) It appears that only after an attempt at informal resolution is made, is an appeal given to the Appeals Coordinator who then assigns it a log number, routes the appeal and monitor's the disposition. (Exh. A, Reply to Plaintiff's Opposition [54100.11.2, 54100.3].)

Opposition, Defendant SHALL file a Supplemental Reply to the Opposition to the Motion to Dismiss responding to the clarification made by Plaintiff in his Supplemental Opposition and providing further briefing on the available administrative as discussed in <u>Brown v. Valoff</u>, – F.3d – , 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005).

IT IS SO ORDERED.

**Dated:   October 21, 2005**              /s/ Sandra M. Snyder
icido3                                UNITED STATES MAGISTRATE JUDGE