UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON JEROME McDANIEL,<br><br>        Plaintiff,<br><br>  v.<br><br>GEORGE ORTIZ, et. al.,<br><br>        Defendants.<br>_____/ | CV F   02 5091 AWI SMS P<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING MOTION FOR EXTENSION OF TIME (Docs. 72-1, 2.) |

    Clifton Jerome McDaniel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's second amended complaint, filed on March 20, 2002, against Defendant Bernal for allegedly denying plaintiff use of a shower in retaliation for filing an inmate grievance. Defendants filed a Motion to Dismiss on March 2, 2005, contending that the case should be dismissed because Plaintiff failed to exhaust his administrative remedies.  Plaintiff opposed the Motion stating that Defendant tore up his appeals thereby precluding him from exhausting.  After review of the Motion and Complaint, the Court requested Plaintiff file a surreply to clarify the

level of appeal that was allegedly destroyed by Defendant. The Court also directed Defendants to file a Response to Plaintiff's surreply.

Plaintiff moved for an extension of time and for the appointment of counsel on November 2, 2005. On December 8, 2005, Defendants provided supplemental briefing clarifying the law with regard to the appeals required by Plaintiff and also addressing the impact or recent Ninth Circuit law.

**A. Motion for Appointment of Counsel**

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law, that he has made serious allegations which, if proved, would entitle him to relief, and that he has difficulty seeing, his case is not exceptional. This Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel must be DENIED.

**B. Motion for an Extension of Time**

Plaintiff states that more time is needed for counsel. Apparently Plaintiff believes that the Court will appoint counsel and thus, would grant more time for counsel to come up to speed. However, as noted above, Plaintiff's case does not present exceptional circumstances to warrant the appointment of counsel. The Court will, however, grant Plaintiff an additional thirty days to formulate a response to the Defendant's Supplemental Memorandum and filed with the Court on December 8, 2005 and served on Plaintiff the same date.

**C. Order**

Based on the above, the Court HEREBY ORDERS:

1. The Motion for the Appointment of Counsel is DENIED:

2.  Plaintiff is granted thirty (30) days from the date of service of this Order to file his Response to Defendant's Supplemental Memorandum filed on December 8, 2005. Plaintiff is forewarned that his failure to submit a response as contemplated by the Court will result in the Court's resolution of the Motion to Dismiss.

IT IS SO ORDERED.

**Dated:   December 16, 2005**          **/s/ Sandra M. Snyder**
icido3                                            UNITED STATES MAGISTRATE JUDGE