UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON JEROME McDANIEL, | CV F   02 5091 AWI SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING UNENUMERATED RULE 12(b) MOTION TO DISMISS |
| GEORGE ORTIZ, et. al., | (Court Doc.  65.) |
| Defendants. | |

## I. PROCEDURAL HISTORY

Plaintiff Clifton Jerome McDaniel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's Second Amended Complaint, filed on March 20, 2002, against Defendant Bernal for allegedly confiscating Plaintiff's property in retaliation for filing an inmate grievance against Defendant Bernal's partner, Defendant Magana.

On March 3, 2003, Defendants Polizziani, Aguire and Silva filed a Motion to Dismiss them from the action based on Plaintiff's failure to exhaust administrative remedies.  On August 19, 2003, the Court issued Findings and Recommendations that the Motion for Summary Judgment be granted with respect to the excessive force and cruel and unusual punishment

claims against Defendant Polizziani and that the Motion be denied with respect to the excessive force claim against Defendants Aguire and Silva.  The District Court adopted the Findings and Recommendations on March 5, 2004.

On April 6, 2004, Defendants Aguire and Silva filed a Renewed Motion to Dismiss for failure to exhaust, or, in the alternative, Motion for Summary Judgment.  On February 9, 2005, the Court issued Findings and Recommendations that the Motion be granted and the allegations against Defendants Aguire and Silva be dismissed.  (Doc. 63.)  The District Court adopted the Recommendations on March 7, 2005. (Doc. 66.)

On March 2, 2005, Defendant Bernal filed an unenumerated 12(b) Motion to Dismiss for Plaintiff's failure to exhaust state court remedies.  (Doc. 65.)  Plaintiff filed an Opposition to the Motion on March 11, 2005.  (Doc. 67.)  Defendant filed a Reply to the Opposition on March 22, 2005. (Doc. 68.)  Although Plaintiff filed a Surreply on March 31, 2005 (Doc. 69), the Court issued an Order striking the Surreply from the record as unauthorized.  (Doc. 70.)   However, an in-depth review of the claims revealed that clarification of the Plaintiff's defense to the exhaustion allegation was necessary.  Thus, on October 24, 2005, the Court issued an Order requiring the parties to submit further briefing on the issue of exhaustion.

On December 8, 2005, Defendant Bernal filed a Supplemental Brief.   Plaintiff filed his Reply to the Supplemental brief on January 3, 2006.

**II. PROCEDURAL STANDARD**

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need

not meet federal standards, nor must they be 'plain, speedy, and effective." ' Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Thus, plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In order to meet this burden, Defendants must demonstrate that pertinent relief "remained available." Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir.2005). The Ninth Circuit has also found exhaustion when a prisoner has demonstrated that his grievance has been rejected as untimely and he could "go no further in the prison's administrative system; no remedies remained available to him." Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir.2005).

The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (*per curiam*)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id. The Ninth Circuit has rejected a total exhaustion rule and thus, a court is not required to dismiss an entire action when a Section 1983 complaint contains both exhausted and unexhausted claims. Lira v.

1  Herrera, 427 F.3d 1164, 2005 WL 2850115 (9th Cir. 2005.)

2  **III. DISCUSSION**

3   Defendant Bernal asserts that Plaintiff has failed to exhaust his administrative remedies
4  by failing to file any administrative concerning his allegation that Defendant confiscated his
5  property in retaliation for filing a grievance.  In support of this assertion, Defendants present
6  evidence consisting of an Inmate Appeals Log and copies of the grievances referenced on that
7  log.  According to the log and exhibits attached to Defendant's Motion to Dismiss, Plaintiff filed
8  a grievance on May 15, 2000, alleging that harassment.  (Exh. A, Attach 1, Motion to Dismiss.)
9  This grievance was assigned Log No. CSP-00-3309.

10   On November 18, 2000, Plaintiff filed another grievance concerning conduct by Officer
11  Magana which was assigned Log No. CSP-00-3682.  (Exh. A, Attach. 2, Motion to Dismiss.)

12   On December 27, 2000, Plaintiff filed another inmate grievance, this time alleging that
13  Defendant Polizziani falsified a Rules Violation Report.  This grievance was given Log No. CSP-
14  01-1174 and SVSP-01-2947.   (Exh. A, Attach. 3, Motion to Dismiss.)  As noted by Defendants,
15  none of the above grievances filed while Plaintiff was incarcerated at Corcoran State Prison
16  concerned action by Defendant Bernal in retaliation for the inmate grievances.

17   In his Opposition, Plaintiff alleges that his grievances were destroyed by Defendant
18  Bernal.  Defendant contends, however, that when inmate grievances are made concerning staff
19  misconduct, they are treated as "staff complaints" and are not subject to the informal grievance
20  process where a prisoner is required to first attempt informal resolution with the person against
21  whom he has a grievance.  (Defendant's Supplemental Memorandum at 3.)  Id.  Defendant also
22  contends that he did not have access to the lock box where inmate grievances are placed prior to
23  reaching the Appeals Coordinator and receiving a log number.  Id.

24   In response, Plaintiff alleges that Defendant Bernal obtained access to the lock box, took
25  out Plaintiff's appeal and destroyed it.  Plaintiff states that no matter how many appeals he filed,
26  it would have been "virtually impossible" for any of them to reach the appeals coordinator.
27  However, the Court finds is unpersuaded by Plaintiff's contention.

28   Even assuming Defendant Bernal destroyed Plaintiff's inmate appeal as he contends,

4

1  Plaintiff's belief that any future attempts to file a grievance would have been futile does not
2  relieve him of his obligation to exhaust administrative remedies. Plaintiff presents no evidence
3  that a continued effort to exhaust his administrative remedies was not possible such that the
4  remedies were unavailable to him.

**III. CONCLUSION**

Accordingly, the Court finds Plaintiff has failed to exhaust his administrative remedies with respect to his allegations against Defendant Bernal and HEREBY RECOMMENDS that Defendant's unenumerated Rule 12(b) Motion to Dismiss filed on March 2, 2005, be GRANTED and the case DISMISSED.[1]

It is further ORDERED that these Findings and Recommendations be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **TWENTY (20)** days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 24, 2006**          /s/ Sandra M. Snyder
icido3                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant Bernal is the sole remaining Defendant in the action. Defendant's retaliation and cruel and unusual punishment claim against Defendant Polizziani was dismissed by Summary Judgment on March 5, 2004. (Doc. 49.) The excessive force claim against Defendants Aguire and Silva was dismissed pursuant to Rule 12(b) on March 7, 2005 (Doc. 66), leaving only the instant retaliation claim against Defendant Bernal intact.